# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge If Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2463 | **DATE** | 5/7/2004 |
| **CASE TITLE** | Vodak, et al. vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 6/9/04 at 9:00 a.m. For the reasons stated in the attached Memorandum Opinion and Order, plaintiffs' motion to compel is granted in part, denied in part and reserved in part. Defendants shall submit the attorney memoranda regarding the firefighter interviews to chambers for an in camera review by 5/17/04. Defendants' pleading regarding waiver of the work-product protection is due by 5/24/04. Plaintiffs' request for fees and costs associated with bringing this motion is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 10 2004 | 82 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | hmb | courtroom deputy's initials | 2004 MAY 10 AM 8:30 U.S. DISTRICT COURT | date mailed notice mailing deputy initials |
| | | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**MAY 1 0 2004**

KEVIN VODAK, et al., individually and on behalf of others similarly situated,

Plaintiffs,

vs.

CITY OF CHICAGO, et. al.,.

Defendants.

No. 03 C 2463

Judge David H. Coar

Magistrate Judge Nan R. Nolan

## MEMORANDUM OPINION AND ORDER

This is a civil rights putative class action against the City of Chicago, Police Superintendent Hillard, Police Commander Risley, and numerous individual police officers for violations of 42 U.S.C. § 1983 for police actions in response to a demonstration which occurred on March 20, 2003. Plaintiffs move to compel answers to discovery. Plaintiffs' motion is granted in part, denied in part, and reserved in part.

## I. BACKGROUND

On March 20, 2003, thousands of persons gathered at the Federal Plaza located at Jackson Avenue and Dearborn Street in Chicago to express concern and protest the commencement of the United States war on Iraq. Over 500 persons were arrested and approximately 200-300 people were detained. Approximately 950 police officers were assigned to work the demonstration-related events. Seventeen named plaintiffs now allege that the City of Chicago and personnel of the Chicago Police Department violated the constitutional rights of the named plaintiffs as well as similarly situated individuals on March 20, 2003 when they unlawfully detained and/or arrested demonstrators.



## II. DISCUSSION

The federal rules permit "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiffs move to compel further responses to Interrogatories 1, 4, 5, 6, and 7 directed to the City of Chicago, Interrogatories 3 through 7 directed to Individual Defendants Risley and Hillard, and the production of miscellaneous categories of documents described herein. The Court addresses each category of information below.

A.  Identification of Police Officers Having Personal Knowledge of Each Arrestee or Detainee

Plaintiffs seek to discover the identity of any officer who has any personal knowledge of plaintiffs' or putative class members' arrests and/or detentions and the justifications for their detentions and arrests on March 20, 2003. Defendants have provided arrest documents that include the name and badge number of each officer allegedly assigned to the protest. Plaintiffs have conducted depositions of the "arresting officer" identified on each of the police department documents referring to each of the named plaintiffs, and apparently no arresting officer possesses any personal knowledge of the conduct of any of the named plaintiffs. Plaintiffs state that each officer deposed had "no personal knowledge as to why an individual Plaintiff was arrested, what individual conduct any Plaintiff or putative class members committed, or could inform us as to who arrested Plaintiffs or the putative class members." Pls' Reply, p. 4. Plaintiffs assert that the City, thus, has a duty to interview its employees and identify which officers have particularized knowledge of which arrestees or detainees.

Plaintiffs argue that this type of class-wide discovery is relevant, even prior to certification of a class, as evidence of defendant officers' intent, preparation, plan, and modus operandi to detain and arrest all individuals at Chicago and Michigan Avenues. Plaintiffs contend that this evidence may show that plaintiffs were arrested based on a course of conduct to arrest all putative class members and refute defendants' assertions that plaintiffs were arrested on the basis of individualized determinations made by individual officers. Plaintiffs also argue that this information is relevant to plaintiffs' policy claim that defendants have a *de facto* pattern and practice of falsely arresting civilians, including citizens expressing their First Amendment rights. Plaintiffs note that Judge Coar has not bifurcated policy discovery in this case.

Defendants do not contest the relevancy of the information sought by plaintiffs' request but rather, assert that plaintiffs' request for information from hundreds of individual police officers is overbroad, economically oppressive and premature prior to a class certification ruling.[1] Defendants state that responding to plaintiffs' request would take nearly two years and cost nearly $900,000.00. See Defendants' Group Exhibit G and Affidavit of Terrance Sheahan, Ex. H, para. 4-8. Defendants also point out, among other things, that Plaintiffs have not identified who the potential class members are. Defendants are therefore concerned about the practicality of expecting officers to offer justifications for detentions and arrests of unidentified protesters. Defendants maintain that discovery should be limited to the named plaintiffs prior to any certification of a class and state that

---

[1] Indeed, in opposition to plaintiffs' motion for class certification, defendants argued that plaintiffs' claims "require purely individual determinations." Defendants further argued that certification of a plaintiff class would effectively prevent the individual police officers from testifying as to individual factors peculiar to the action he took, including the officer's observations, what the police knew of the person's conduct, whether that person disobeyed a police order or command, whether the person consented to detention, and other factors.

they will interview all police officers named in the arrest reports for each of the named plaintiffs taken into custody, and attempt to identify others who have knowledge of the arrests. Defendants are directed to provide the requested information with respect to the named plaintiffs.

Plaintiffs' real concern–and it is a legitimate concern–is avoiding prejudicial surprise at trial. Plaintiffs argue that the entire purpose of discovery is thwarted if they are "surprised on the eve of trial when the Defendants decide to call 1 or 10 or 50 of the 950 police officers present at the demonstration on Mach 20, 2003 to testify as to why one of the 17 Plaintiffs or another putative class member was detained, arrested or charged on March 20, 2003." Pls' Reply, p. 6. Plaintiffs are correct that the whole point of the discovery process is to prevent trial by ambush. For example, with respect to potential witnesses, Federal Rule of Civil Procedure 26 requires defendants to provide plaintiffs with the "name . . . of each individual likely to have discoverable information that the disclosing party may use to support its . . . defenses . . ., identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1)(A). Rule 26 also requires defendants to supplement their Rule 26(a) disclosures if they learn that the information disclosed is "incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Moreover, plaintiffs have specifically asked the City in Interrogatory 10 to identify all persons the City may call as a witness at trial and the subject of the testimony.

Even if the amount of time and expense involved in obtaining responsive information and drafting answers to plaintiffs' request has been inflated as suggested by plaintiffs, defendants' burdensome argument is not without merit. In an effort to balance the hardship to defendants against plaintiffs' need for access to the information to avoid unfair surprise at trial, the Court issues the

following compromise. Regardless of whether a class is certified in this case, defendants shall provide to plaintiffs no later than 60 days prior to the fact discovery cut-off date, the names of any officers they may call at trial to testify regarding any particular knowledge of the individualized conduct of any of the named plaintiffs or any identified protester on March 20, 2003. Given the clear and undisputed relevance of this information, it is not inappropriate to expect defendants to provide this information prior to the close of fact discovery. This deadline will presumably allow plaintiffs a sufficient opportunity to depose these witnesses and develop evidence to contest their anticipated testimony. This compromise is not absolute. If during the course of discovery the plaintiffs' need for further information regarding this topic becomes clearer, the Court is willing to consider a renewal of this motion and the appropriateness of any sampling alternatives that the parties may suggest.

B.   Identification of Police Personnel Who Gave Order or Directives on 3/20

Interrogatory 6 directed to the City asked whether any amplification devices were used on March 20, 2003 to communicate with plaintiffs and if so, the date, time, location, and substance of any communication. Two arresting officers testified during their depositions that when they were told to make arrests they were told an order to disperse was previously given to the demonstrators. In addition, defendants asserted in their response to plaintiffs' motion to compel:

> Police repeatedly ordered the crowd (at Oak and Michigan) to either disperse or return to the Federal Plaza by way of Lake Shore Drive and not Michigan Avenue. ... a large group heading south on inner Lake Shore Drive suddenly turned west on Chicago Avenue determined to outrun police to Michigan Avenue. They too were stopped. As at Oak and Michigan, protestors were given repeated orders to disperse.

With respect to orders to arrest, two Sergeants and two officers have testified that they began to arrest individuals at Chicago and Michigan after receiving orders from supervisors, including

-5-

Commanders to do so. Plaintiffs request that defendants identify what orders to arrest or detain were given, by whom, and in what manner they were delivered through the command structure.

Plaintiffs are entitled to discover information regarding orders to disperse and arrest, and defendants do not contend otherwise. Defendants assert, however, that depositions, rather than interrogatories, are a more practical and efficient method for obtaining the information. Plaintiffs rightly respond that they should not have to depose hundreds of members of the police department to determine who gave orders to disperse and arrest and how the orders were given. If defendants wish to proceed by deposition, the Court believes that the use of a 30(b)(6) witness or witnesses to testify regarding orders to disperse and arrest will be more productive and efficient than a significant and uncertain number of individual police officer depositions. Defendants are accordingly ordered to produce a 30(b)(6) witness or witnesses within a reasonable time to testify as to what if any orders and/or directives to disperse were given to demonstrators at Chicago and Michigan Avenues, and if orders and/or directives were communicated, the communicator of such orders and/or directives, the time and location of such orders/directives, and how these orders/directives were communicated as well as what orders to arrest or detain were given, by whom, and in what manner they were delivered through the command structure.

With respect to defendants Risley and Hillard, plaintiffs also state that they indicated that in response to several interrogatories that they may recall further directives or communications from March 20, 2003 after reviewing city wide radio transmissions from that day. Defendants maintain that a deposition would be a more efficient and appropriate manner in which to address communications or directives on the tape recordings. If defendants Risley and Hillard want to produce this relevant information by way of deposition rather than supplementing their interrogatory

answers, they must review the tape recordings and anything else that might refresh their recollection before their depositions and be prepared to fully answer depositions questions regarding orders to disperse or orders to arrest that they were privy to on the night of March 20, 2003.

C.  Other Interrogatory Answers

Plaintiffs limited Interrogatory No.4 to only require the City to state whether any prior large marches were allowed to take place through the streets of downtown Chicago without a permit. Defendant City has supplemented its answer to Interrogatory 4 to state that prior marches have taken place without a permit and that "contrary to what occurred on March 20, 2003, an agreement was made between the leaders of the march and the police as to the specific route the march would take, and each march conformed to the agreed upon route." Plaintiffs seek to discover what other marches defendants are referring to (name, dates and location of the marches), and what police personnel and leaders were party to the negotiated routes in order to compare those circumstances with the March 20, 2003 march. Plaintiffs are entitled to discover this information. Defendants are directed to supplement their answer accordingly.

Interrogatory 5 directed to the City sought information concerning any command center set up for the events of the evening of March 20, 2003. The City's answer stated that there is a "command center" located at Chicago Police Headquarters that is dedicated to emergency services. The City also provided documentation which included a list of persons present at the command center, the specific actions taken by these persons, and a detailed entry of the precise times that each action was taken. Plaintiffs do not sufficiently explain how defendants' response and document production pursuant to Rule 33(d) fail to completely respond to this interrogatory. Plaintiffs' motion to compel is denied as to Interrogatory 5.

D.  Document Production

Plaintiffs seek to discover memoranda generated by attorneys as a result of interviews with firefighters. Defense counsel Terrance Sheahan conducted interviews with three firefighters relating to their observations regarding what occurred on March 20, 2003. Sheahan then drafted memoranda relating to how the firefighters' observations affect the City of Chicago's defense in this matter. Defendants claim that these attorney memoranda are protected from disclosure by the work product privilege. Plaintiffs argue that defendants waived the protections of the work-product doctrine by quoting terms stated by two of the firefighters in the City's Answer to Interrogatory 2 ("Answer"). The City's Answer stated that Firefighter Michael Schultz saw a mass of protesters going west on Chicago Avenue proceed to "roll through" a line of police officers. The City further stated in its Answer that Firefighter Roger Huff recalled the police "rounding up" the protesters and moving them further west on Chicago Avenue in an effort to unblock the entrance of the fire station. Defendants are directed to submit the attorney memoranda regarding the firefighter interviews *in camera* to assist the Court in determining whether they are protected in whole or in part from disclosure. Defendants shall also file a pleading responding to plaintiffs' waiver argument, including the scope of any possible waiver.

Plaintiffs also seek to compel disclosure of the named individual defendants officers' personnel files and complaint histories. Defendants object to disclosure of this information as irrelevant, overly broad, unduly burdensome, harassing and not reasonably designed to seek relevant information nor reasonably calculated to lead to the discovery of admissible evidence. Defendants' objection is overruled.

-8-

The personnel files and complaint histories of the individual defendant officers are relevant for purposes of discovery. See Wright & Miller, Federal Practice and Procedure § 2008 (2002 pocket part) (stating "[t]he present standard–"relevant to the claim or defense of any party"–is still a very broad one."). Numerous courts have held that the personnel files and complaint histories of defendant officers are relevant in § 1983 actions involving police misconduct, particularly where, as here, plaintiffs allege a Monell policy, practice and custom claim against the municipality. See Langford v. City of Elkhart, 1992 WL 404443 (N.D. Ind. April 21, 1992) (noting that municipal policy claims allow a broad inquiry into police practices and procedures, citizen complaints, similar incidents, and internal disciplinary actions "extending well beyond the immediate circumstances surrounding plaintiffs' arrests."); Gibson v. New York City Police Officer Carmody, 1990 WL 52272 (S.D.N.Y. April 19, 1990); Hall v. Helms, 118 F.R.D. 51, 53-54 (W.D. N.C. 1987); Scouler v. Craig, 116 F.R.D. 494 (D. N.J. 1987). Moreover, disciplinary records containing any similar factual allegations may be relevant and admissible under Rule 404(b) to prove motive, intent, and/or modus operandi. See Okai v. Verfuth, 275 F.3d 606 (7th Cir. 2001); Treece v. Hoschstetler, 213 F.3d 360, 363 (7th Cir. 2000); Wilson v. City of Chicago 6 F.3d 1233 (7th Cir. 1993); see also Edwards v. Thomas, 31 F.Supp.2d 1069 (N.D. Ill. Jan. 7, 1999).

Defendants argue that the Court should limit disclosure of prior complaints against defendant officers to the past five years and only those complaints similar to those raised in this lawsuit. The Court declines to so limit discovery. Plaintiffs are entitled to discover defendant officers' complaint histories, and the trial judge will determine before or at the trial whether "other acts" are similar enough and close enough in time to be relevant to the matter in issue and thus, admissible. Lepianka

v. The Village of Franklin Park, 2004 WL 626830, *2 (N.D.Ill. March 26, 2004).[2]

Finally, Defendants shall produce the FBI records, issues of the "Chicago Star," and training documents and videos by May 14, 2004.

### III. CONCLUSION

For the reasons stated above, plaintiffs' Motion to Compel is granted in part, denied in part, and reserved in part. Defendants shall submit the attorney memoranda regarding the firefighter interviews to chambers for an *in camera* review by May 17, 2004. Defendants' pleading regarding waiver of the work-product protection is due by May 24, 2004. Plaintiffs' request for fees and costs associated with bringing this motion is denied.

**ENTER:**

*[signature]*

**Nan R. Nolan**
**United States Magistrate Judge**

Dated: May 7, 2004

---

[2] The Court is willing to enter a protective order, for purposes of pretrial discovery, prohibiting public disclosure of categories of information legitimately entitled to protection such as the identity of complainants and witnesses. If the case proceeds to trial, the trial court will determine whether any of the protected information should become a part of the public record.