IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN VODAK, et al., individually, and on behalf of others similarly situated<br><br>      Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, et al.,<br><br>      Defendants. | Case No. 03 C 2463<br><br>Judge Virginia M. Kendall |

MEMORANDUM OPINION AND ORDER

Eleven plaintiffs ("Plaintiffs") bring this class action against the City of Chicago ("the City"), the Chicago Police Department ("the CPD"), and various Command Personnel and officers of the CPD (collectively, "Defendants"). Plaintiffs seek money damages and injunctive relief for Defendants' allegedly unlawful actions related to the war protest march that occurred on March 20, 2003 in Chicago. On April 17, 2006, this Court certified a class consisting of all persons who were surrounded by Defendants on March 20, 2003 on Chicago Avenue, just east of Michigan Avenue and west of Mies Van Der Rohe Way ("the bounded area"), between approximately 8:30 p.m. and 11:30 p.m. Among the class' claims are state law claims for violations of the Illinois Constitution (Count VII), false detention, arrest and imprisonment (Count VIII), assault and battery (Count IX), Respondeat Superior (Count XII), and indemnification under 745 ILCS § 10/9-102 (Count XIII) ("the state law claims").

Plaintiff filed their original Complaint on April 11, 2003 against the City of Chicago, Superintendent Terry G. Hillard, Commander John R. Risley, Defendants Doe 1-50, Defendants Doe 51-100, and Defendants Roe 1-50. On May 3, 2004, Plaintiffs filed a Second Amended Complaint

in which they added nineteen individuals as defendants, all identified as employees of the CPD. On December 30, 2004, Defendants filed a Third Amended Complaint adding eight more CPD employees as defendants. Thus, a total of twenty-seven defendants have been added to this lawsuit since May 3, 2004 ("the added Defendants"). The added Defendants previously were identified in the Complaint as Defendants Doe and Defendants Roe. Defendants now move this Court to dismiss Counts VII, VIII, IX, XII, and XIII against the added Defendants because those defendants were not named in the Complaint within the one-year limitations period in 745 ILCS 10/8-101, the Illinois Local Government Tort Immunity Act. If the state law claims against the added Defendants are dismissed, Defendants then ask the Court to hold that the City of Chicago cannot be held liable under the *respondeat superior* or indemnification counts for any liability attributable to the conduct of the added Defendants under those dismissed state law claims. Last, Defendants request that the terms Defendants Doe and Defendants Roe be removed from the Complaint.

Defendants' Motion to Dismiss Counts VII, VIII, IX, XII, and XIII is granted in part and denied in part. With the exception of Count VII alleging constitutional violations, which is not subject to the one-year limitations period in the Tort Immunity Act, and with the exception of those individuals not identified to Plaintiffs before the statute of limitations expired, all the state law claims against all of the added Defendants are dismissed. Plaintiffs, however, still may pursue their timely-filed claims against the City of Chicago based on the conduct of their employees, including the added Defendants. Finally, the Defendants Doe and Defendants Roe designations are without legal significance and are stricken from the Complaint.

**DISCUSSION**

When considering a motion pursuant to Rule 12(b)(6), a court must take as true all facts alleged in the complaint, and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). Although affirmative defenses are not usually resolved with a motion to dismiss, if the plaintiff's complaint contains facts that on their face demonstrate the suit is barred by the statute of limitations, it may be disposed of under Rule 12(b)(6). *See Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). A Rule 12(b)(6) motion will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957).

The Illinois Local Government Tort Immunity Act contains a one-year statute of limitations on any civil action against a local government and its employees:

> No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date of that injury unless it is commenced without one year from the date that injury was received or the cause of action accrued.

745 ILCS 10/8-101; *see Luciano v. Waubonsee Cmty. Coll.*, 245 Ill. App. 3d 1077, 1082-83, 614 N.E.2d 904, 908 (2d Dist. 1993). Because the added Defendants were not identified by name in the Complaint until May 3, 2004, beyond the one-year statute of limitations in 745 ILCS 10/8-101, the claims against them are untimely unless Plaintiffs can show that either: (1) the statute of limitations in 745 ILCS 10/8-101 does not apply to the claim, (2) the claims relate back to the filing of the original complaint, or (3) an equitable reason exists to excuse their failure to file claims against the added Defendants within the statute of limitations.

3

**I.  Constitutional Claims and the Tort Immunity Act's One-Year Statute of Limitations**

Count VII of Plaintiffs' Complaint asserts a supplemental state law claim for violations of the Illinois Constitution. The statute of limitations in the Tort Immunity Act does not bar claims for nontortious actions, including alleged violations of constitutional rights. *See Raintree Homes, Inc. v. Village of Kildeer*, 302 Ill. App. 3d 304, 705 N.E.2d 953 (2d Dist. 1999), *rev'd* on other grounds, 184 Ill.2d 290, 703 N.E.2d 883 (1998) (rejecting defendant's argument that the Tort Immunity Act's one-year statute of limitations applies to nontortious civil actions). While Defendants may be correct that all of the cases rejecting the Tort Immunity Act's bar involved claims for injunctive relief, the holdings of those cases are not so limited. *See, e.g., Firestone v. Fritz*, 119 Ill. App. 3d 685, 689, 456 N.E.2d 904, 908 (2d Dist. 1983) ("The Tort Immunity Act applies only to tort actions and does not bar a civil rights action") (citations omitted). Thus, Defendants' motion to dismiss Count VII is denied.

**II.  Relation Back**

Federal Rule of Civil Procedure 15(c) governs the question of whether an amendment of a pleading relates back to the date of the original pleading. For state law claims, Rule 15 provides two paths for relating the addition of a party back to the original filing. *See Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 236 (7th Cir. 1996) ("[An] amended complaint is therefore timely under Rule 15(c)(1) if it meets the requirements of either federal or Illinois law"). First, Rule 15(c)(3) permits the amendment to relate back when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," and "the party to be brought in by amendment has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and knew

4

or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c)(3). Relation back of the claims also is permitted if the "relation back is permitted by the law that provides the statute of limitations applicable to the action." Fed. R. Civ. P. 15(c)(1). With regards to the claims that Defendants have moved to dismiss, this means Illinois law. *See Diaz v. Shallbetter*, 984 F.2d 850, 853-55 (7th Cir. 1993), citing *Wilson v. Garcia*, 471 U.S. 261, 269, 105 S.Ct. 1938, 1943 (1985) ("Rule 15(c) is part of federal law, and its meaning is a federal question. But when trying to determine whether 'relation back' is essential to make the complaint timely, we must refer to the law defining the period of limitations").

It is settled law in this circuit that Plaintiffs cannot use the relation back provisions of Rule 15 to substitute John Doe defendants with named defendants after the statute of limitations has expired. *See Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) (affirming dismissal of complaint as untimely where plaintiff did not add defendant officer to replace a John Doe defendant until after the statute of limitations had expired); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993) (holding that Rule 15(c)(3) "does not allow relation back where . . . there is a lack of knowledge of the proper party"). Thus, Plaintiffs only option to relate their claims back is to show that Illinois law would allow the relation back. Illinois' relation-back statute provides that a cause of action against a party not originally named a defendant may relate back when that party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her." 735 ILCS § 2-616(d).

Historically, Illinois courts have construed liberally § 2-616 to allow amendments to the pleadings. *See Siebert v. Bleichman*, 306 Ill. App. 3d 841, 846, 811 N.E. 1225, 1233 (1999).

Section 2-616(d) has been amended recently, however. Previous requirements in the statute were replaced with its current language; language that almost matches Federal Rule 15(c)(3). *Compare* 735 ILCS 5/2-616(d) (2002)[1] with 735 ILCS 5/2-616(d) (2000).[2] Relying on statements made in the legislative history of the amendment, Illinois courts have concluded that "the legislature intended to impose more stringent requirements for amended complaints – like those embodied n the Federal Rules of Civil Procedure." *Pruitt v. Pervan*, 356 Ill. App. 3d 32, 36, 825 N.E.2d 299, 301-302 (1st Dist. 2005); *see also Compton v. Ubilluz*, 351 Ill. App. 3d 223, 233-34, 811 N.E.2d 1225, 1233 (2d Dist. 2004) (reciting statements made during debate over the amendment). In *Pruitt*, the plaintiff sued the property's managers, but did not sue the owners of the property because she "lacked information of the [owners'] involvement in maintaining the Property." *Id.* at 302. Because her mistake was not one about the identity of the owners but rather a lack of knowledge about their role in causing her alleged injury, the Appellate Court held that her failure to name the owners in her initial complaint did not constitute a mistake under § 2-616(d). *Id.* at 303. Based on post-

---

[1] A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b) received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, ***.

[2] A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another * * *; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, * * * even though the person was not named originally as a defendant.

amendment cases, it appears that Illinois courts plan to interpret the language in § 2-616(d) consistent with the federal court's construction of that same language. *See id.* at 302, citing *Manney v. Monroe*, 151 F. Supp.2d 976, 998 (2001) (no identity mistake under Rule 15(c)(2) of the Federal Rules of Procedure where the plaintiff's failure to initially name the defendant until after the limitations period expired was due to his ignorance of the defendant's involvement in the alleged wrong). Accordingly, Plaintiffs lack knowledge regarding the added Defendants' names or involvement in the events of March 20, 2003 is not the type of "mistake concerning the identity of the proper party" that would create grounds for their claims to relate back.

### III. Filing of Class Action as Tolling Statute of Limitations

Plaintiffs suggest that their filing of a class complaint tolls the statute of limitations for all purported class members on claims against the added Defendants. *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553, 94 S.Ct. 756, 766 (1974) (holding that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class"). The Supreme Court has explained that "[l]imitations periods are designed to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights." *Crown, Cork & Seal Co v. Parker*, 462 U.S. 345, 352, 103 S.Ct. 2392, 2397 (1983) (explaining the tolling that occurs when a class action is filed). Plaintiffs' original complaint did not put the added Defendants on notice of any claims against them. Because the added Defendants were not named in the original class complaint, the statute of limitations against them was not tolled by its filing. *See Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 568 (6th Cir. 2005) (holding that the class action tolling provisions in *American Pipe* do not apply to a defendant not named in a class action complaint).

7

## IV. Equitable Estoppel or Equitable Tolling

Illinois law governs Plaintiffs' pleas for equitable estoppel and equitable tolling. These two doctrines allow a party to file a claim after the statute of limitations has run when equity so requires. First, "[e]quitable estoppel suspends the running of the statute of limitations during any period in which the defendant took active steps to prevent the plaintiff from suing." *Singletary v. Continental Illinois National Bank & Trust Co.*, 9 F.3d 1236, 1241 (7th Cir. 1993). Equitable estoppel thus focuses on the conduct of the defendant. Equitable tolling, on the other hand, "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Id.*; *see Plooy v. Paryani*, 275 Ill. App. 3d 1074, 1085 (1st Dist. 1995) ("The tolling of a statute of limitations is normally restricted to those situations in which a plaintiff has been prevented from pursuing her cause of action through no fault of her own"). In this case, Defendants did not take active steps to prevent Plaintiffs from learning the identity of the officers nor did Plaintiffs exercise the necessary diligence to justify tolling the statute of limitations. As such, equity does not excuse Plaintiffs failure to sue the added Defendants before the expiration of the statute of limitations.

Defendants' Rule 26(a) disclosures sent to Plaintiffs on July 30, 2003, identify 18 of the 27 added Defendants as witnesses to the events that occurred at the scene of the demonstration and march. (*See* Defs' Ex. D.) An additional 6 of the added Defendants were listed in the arrest reports disclosed to Plaintiffs on October 31, 2003. (*See* Defs' Exs. F and G.) Of the three remaining added Defendants, Former Assistant Deputy Superintendent Ron Huberman does not appear in any of

8

Defendants' discovery responses to date, while Officer DiCicco and Officer Jaros were identified in arrest reports tendered to Plaintiffs on October 31, 2004.

Beginning with equitable estoppel, this Court is not persuaded that Defendants fraudulently concealed the identity of Command Personnel by tendering arrest reports to Plaintiffs that contained the names of the arresting officers but that did not contain the names of the Command Personnel that allegedly ordered the arrests. The arrest reports are not deceptive, they represent what they purport to represent: they list the name of the first arresting/appearing officer, the officer that searched the arrestee and the booking officer. (*See* Defs' Exs. F and G.) At the same time, all but one of the Command Personnel added as Defendants were listed in Defendants' initial Rule 26(a) disclosures. (*See* Defs' Ex. D.) Most Command Personnel also were listed in response to Plaintiffs' interrogatory requesting Defendants to identify the chain of command in effect on March 20, 2003. (*See* City of Chicago's Response to Plaintiffs' First Set of Interrogatories.) Given these facts, the Court does not find that Defendants' fraudulently concealed the identity of any of the added Defendants. *See also Davis v. Frapolly*, 742 F. Supp. 971, 974 (N.D. Ill. 1990) ("This is somewhat a novel application of the doctrine of fraudulent concealment since the concealment was allegedly of the identity of other defendants rather than of the existence of the cause of action").

Based on these same facts, the Court finds that Plaintiffs did not exercise the diligence necessary to equitably toll the statute of limitations as to those added Defendants named in the discovery materials. As to added Defendants Former Assistant Deputy Superintendent Ron Huberman and Officers DiCicco and Jaros, Plaintiffs could not know their role in the events of March 20, 2003 prior to the expiration of the statute of limitations and therefore were prevented from pursuing the class' causes of action against them through no fault of their own. For this reason, the

9

statute of limitations as to these latter three individuals were tolled and the claims against them are considered timely filed. The state law claims against the remaining added Defendants, however, are barred by the one-year statute of limitations in 745 ILCS 10/8-101.

V.      *Respondeat Superior* and Indemnification Claims Against the City of Chicago

With the dismissal of the state law claims against the added Defendants, the City of Chicago argues that it cannot be held liable under Count XII, *respondeat superior*, or Count XIII, indemnification, for the conduct of the added Defendants. *See* 745 ILCS 10/2-109 ("A local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable"). Illinois courts have "long recognized that in an action by a third party based on injuries caused by the negligence of the servant, the servant is not a necessary party in an action against the master." *McCottrell v. City of Chicago*, 135 Ill. App. 3d 517, 519, 481 N.E.2d 1058, 1059 (1st Dist. 1985). *McCottrell* applied this maxim to claims subject to the Tort Immunity Act specifically and held that a public entity could be liable even though its employee was not named in the suit. *Id.* at 520, 481 N.E.2d at 1060. The fact that this Court has found the class' claims against the added Defendants time barred does not change this result. *See Bachenski v. Malnati*, 11 F.3d 1371, 1378 n.9 (7th Cir. 1994) (interpreting *McCottrell* to mean that "a time bar preventing the initiation of an action against a servant does not vitiate a timely instituted claim against the master"). The only cases relieving a municipality of liability are those cases in which an affirmative finding was made that the individual officer was not liable. *See Sank v. Poole*, 231 Ill. App. 3d 780, 787-88, 596 N.E.2d 1198, 1203 (4th Dist. 1992). Thus, if it is determined ultimately that no liability to Plaintiffs arises from the added Defendants' actions, the City of Chicago likewise will not be held liable. Yet the failure to add an employee before the passing of the statute of limitations does not

10

bar relief against the employer under the Tort Immunity Act. And while the class is time barred from pursuing many of its state law claims against almost all of the added Defendants, they may still obtain relief on their Counts of *respondeat superior* and indemnification from the City of Chicago if they can prove that the added Defendants would be liable and acted within the scope of their employment.

## VI. Defendants Doe and Defendants Roe

The Court finds no substantial reason to permit the Complaint to continue to list Defendants Doe and Defendants Roe. The defendants byline in a Complaint should be reserved for individuals and entities against which a viable claim is being brought. Even to the extent that the City of Chicago remains potentially liable for the actions of its employees, retaining the generic Defendants Doe and Defendants Roe is neither necessary nor helpful. *See McCottrell*, 135 Ill. App. 3d at 519, 481 N.E.2d at 1059 (holding that employees need not be named in suit in order for claim against employer to proceed); *Wudtke v. Davel*, 128 F.3d 1057, 1060 (noting futility of listing unknown individuals as defendants in Complaint). Accordingly, the Defendants Doe and Defendants Roe designations are stricken from the Complaint.

## Conclusion and Order

Wherefore, it is ordered that Counts VIII, IX, XII, and XIII are dismissed as to all of the added Defendants except Former Assistant Deputy Superintendent Ron Huberman and Officers DiCicco and Jaros. The portion of Defendants' motion seeking to relieve the City of Chicago from

liability for the conduct alleged against the added Defendants in the Counts dismissed by this Order is denied. Finally, the titles Defendants Doe and Defendants Roe are ordered stricken from the Complaint.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: April 19, 2006