# Exhibit B

DOCKETED
MAR 26 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLIANCE TO END REPRESSION, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| CITY OF CHICAGO, et al., | )<br>) |
| Defendants. | )   No. 74 C 3268 |
| AMERICAN CIVIL LIBERTIES UNION, et al., | )<br>)   No. 75 C 3295<br>) |
| Plaintiffs, | )   Judge Ann C. Williams<br>) |
| v. | )<br>) |
| CITY OF CHICAGO, et al., | )<br>) |
| Defendants. | ) |

### PROPOSED MODIFIED DECREE

### STATEMENT OF JURISDICTION

This court has jurisdiction over the parties to these consolidated cases and over the subject matter of these actions pursuant to 28 U.S.C. § 1331 and 1343(3).

### STATEMENT OF PRINCIPLES

1. The First Amendment of the United States Constitution protects the rights of every person to freedom of speech, press, assembly, petition, and religion, including without limitation the rights to hold, communicate and receive ideas and beliefs, to speak and dissent freely, to associate for the advancement of litigation,

SA 42

333

to write and publish, to advocate and organize concerning public policy and social issues and to associate publicly and privately with other persons concerning political and social issues. These rights are subject to reasonable time, place, and manner regulations supported by an appropriate governmental interest, and, with a few exceptions, conduct that is forbidden without reference to whether it is being used for expression may be forbidden even when used for the purpose of expression.

2. The Fourth Amendment of the United States Constitution protects the rights of every person to be secure in person, house, papers and effects against unreasonable searches and seizures, including the right to be secure in communications which are engaged in with a reasonable expectation of privacy. This Amendment protects the innocent and the guilty alike against government intrusion not justified by an appropriate governmental interest or function.

3. The Fourteenth Amendment guarantees to every person equal treatment under the law unless an appropriate governmental interest justifies a difference in treatment.

## INJUNCTION

The City of Chicago, its officers, employees, and agents, and all persons in active concert or participation with them who receive actual notice of this Decree, are hereby enjoined as follows:

2

SA 43

1. No agency or agent of the City of Chicago shall

   a) investigate, prosecute, disrupt, interfere with, or harass any person for the purpose of punishing or retaliating against that person for engaging in conduct protected by the First Amendment, or for the purpose of preventing them from engaging in such conduct, although nothing in this Decree shall enjoin reasonable investigative or law enforcement activities that are permitted by the First Amendment;

   b) discriminate against any person on the basis of their conduct protected by the First Amendment, except as may be permitted by law;

   c) authorize, assist, or encourage any person to violate this Decree, or to commit an act that would violate this Decree if committed by a City agent.

2. All current employees of the City of Chicago, and all future employees at the time of their hiring, shall be served with a copy of this Decree.

3. In each of the next five years, the Superintendent of Police shall conduct a departmental audit of the Police Department's compliance with this Decree, and submit copies of the audit report to the Mayor, the Police Board, and this court for filing as a public record. The annual report shall include a summary of any internal disciplinary complaints

3

SA 44

concerning compliance with this Decree and the findings made and the actions taken on such complaints.

4. The Chicago Police Board shall review the Superintendent's audit annually, and may request such additional information as it deems necessary to monitor compliance with this Decree, and shall report to the Mayor, the Superintendent of Police, and the public concerning its findings.

5. The Chicago Police Board shall also cause an audit of the City's compliance with the terms of this Decree to be performed by a national independent public accounting firm within five years of the entry of the order adopting this modified Decree. The audit report shall contain a description and evaluation of any conduct believed by the auditors to constitute a probable violation of the Decree. The Police Board may require further investigation of any such possible violations. The audit report, together with any additional findings or recommendations made by the Board, the Superintendent of Police, or the Mayor shall be made public. For the purpose of these audits, or for any other investigation that the Board may wish to conduct to investigate compliance with this Decree, the Board and the auditors engaged by the Board shall have access to all relevant data in the possession of the City except that the auditors shall not have access to information specifically

4

SA 45

identifying confidential informants or to current criminal investigations that the Superintendent of Police states might be compromised by disclosure to the auditors. The auditors shall not disclose any information to anyone but the Board, the Superintendent of Police, or (upon his request) the Mayor. The Board shall not disclose in any manner details that specifically identify any investigations except as otherwise permitted by law, nor shall it disclose in any manner information that would reveal the identity of a confidential informant, compromise an ongoing criminal, regulatory, or employee disciplinary investigation, or constitute an invasion of a person's privacy.

6. If the Board, the Superintendent of Police, or the head of any other City Department learns of any probable substantial violation of this Decree, the matter shall be promptly referred to the Superintendent of Police (or, if the matter involves personnel of a city agency other than the Police Department, to the Inspector General). The Superintendent of Police or the Inspector General, as the case may be, shall cause an investigation to be made and shall report to the Board, the Superintendent, and the head of the agency who made the report the results of the investigation. Where the result of the investigation supports the finding of a violation, the Superintendent or other agency head shall in turn report to the Board what corrective action has been

5

SA46

taken, including what disciplinary proceedings have been instituted or completed.

### RETENTION OF JURISDICTION

The court expressly retains jurisdiction to enable the parties to the Decree to apply to this court for the enforcement of compliance with the provisions contained herein, and for the punishment of any violation of such provisions. Application to enforce the provisions or to impose punishment for any such violation may be presented to the court by any person affected by the conduct complained of. Prior written notice of all such applications shall be given to counsel for the named parties to this action. Except where emergency relief is sought, seven days written notice shall be given.

### TERM OF DECREE

Upon completion of the independent audit called for in this order, and its submission to the court, the court will consider whether further modification or dissolution of this Decree is warranted at that time.

ENTER: [signature]

DATED: 3/23/01 nunc pro tunc 3/2/01

6

SA 47

# Exhibit C

The following is said resolution as adopted:

WHEREAS, The issues between Iraq and the world community have not proven to be irresoluble by traditional diplomatic efforts; and

WHEREAS, While Saddam Hussein is a tyrant who should be removed from power, both for the good of the Iraqi people and for the security of Iraq's neighboring countries, it is not at all clear that a unilateral United States military action would result in the installation of a free and democratic Iraqi government; and

WHEREAS, Unilateral United States military action would risk the deaths of thousands of Iraqi civilians without guaranteeing the safety and security of United States citizens; and

WHEREAS, A pre-emptive United States military attack would violate international law and our commitments under the United Nations Charter and further isolate the United States from the rest of the world; and

WHEREAS, The Congressional Budget Office estimates a military action against Iraq will cost our nation between Nine and Thirteen Billion Dollars a month, likely resulting in further cuts in federally funded projects and programs that benefit our city and its residents; and

WHEREAS, A United States-led war in Iraq would compromise our current action in Afghanistan and require years of nation-building activities in Iraq; and

WHEREAS, We give our unconditional support to United States military personnel serving at home and abroad in their tireless battle against global terrorism, and should our military forces be sent to Iraq, we give our unyielding support to our young men and women serving in our nation's military, even if we oppose the policy that sent them there; now, therefore,

*Be It Resolved*, That we, the members of the City Council of the City of Chicago, oppose a unilateral pre-emptive United States military attack on Iraq unless it is demonstrated that Iraq poses a real and imminent threat to the security and safety of the United States; and

*Be It Further Resolved*, That we support a return of United Nations weapons inspectors to Iraq, enhanced by sufficient police support to guarantee unfettered access to all targeted sites; and

*Be It Further Resolved*, That we urge the United States to work through the United Nations Security Council and reaffirm our nation's commitment to the rule of law in all international relationships; and

*Be It Further Resolved*, That a copy of this resolution be forwarded to the Illinois congressional delegation and the President of the United States.

STATE OF ILLINOIS  )
                   )SS
COUNTY OF COOK     )

I, ___MIGUEL DEL VALLE___, City Clerk of the City of Chicago in the County of Cook and State of Illinois, DO HEREBY CERTIFY that the annexed and foregoing is a true and correct copy of that certain ordinance now on file in my office: <u>Expression of Opposition to Unilateral Pre-Emptive United States Military attack on Iraq.</u>

I DO FURTHER CERTIFY that the said ordinance was passed by the City Council of the said City of Chicago on the <u>sixteenth (16th) day of January, 2003</u> and deposited in my office on the <u>sixteenth (16th) day of January, 2003</u>.

I DO FURTHER CERTIFY that the vote on the question of the passage of the said ordinance by the said City Council was taken by yeas and nays and recorded in the Journal of the Proceedings of the said City Council, and that the result of said vote so taken was as follows, to wit:

Yeas <u>49</u>    Nays <u>0</u>

I DO FURTHER CERTIFY that the said ordinance was delivered to the Mayor of the said City of Chicago after the passage thereof by the said City Council, without delay, by the City Clerk of the said City of Chicago, and that the said Mayor failed to return the said ordinance to the said City Council with his written objections thereto at the next regular meeting of the said City Council occurring not less than five (5) days after the passage of the said ordinance.

I DO FURTHER CERTIFY that the original, of which the foregoing is a true copy, is entrusted to my care for safe keeping, and that I am the lawful keeper of the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal of the City of Chicago aforesaid, at the said City, in the County and State aforesaid, this fifth (5th) day of January, 2009.

[F.H.]

_____*Miguel del Valle*_____
MIGUEL DEL VALLE, City Clerk