aEE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN VODAK, et al., | |
| Plaintiffs, | Case No. 03 C 2463 |
| v. | Judge Virginia M. Kendall |
| CITY OF CHICAGO, et al., | |
| Defendants. | |

## **FINAL JUDGMENT ORDER**

Plaintiffs Kevin Vodak, Sarah Bergstrand, Prudence Browne, Robert Castillo, John Patrick Donnell, Matthew Gaines, Angela Garcia, Kathleen Gruber, Steven Hudosh, Elizabeth Johnson, Sophia Sieczkowski, individually and on behalf of the classes and subclasses they represent (collectively, "Plaintiffs"), and Defendants the City of Chicago, Terry Hillard, Philip Cline, James Maurer, Thomas Byrne, Frank Radke, Joseph Griffin, The Estate of John Risley, Thomas Epach and Karen Rowan (collectively, "Defendants"), having filed a Motion for Final Approval of Class Action Settlement (the "Motion") (Docket No. 710) and supporting documents, seeking an order granting final approval of the proposed Settlement of this Litigation in accordance with the Amended Stipulation and Agreement of Settlement (the "Stipulation") (Docket No. 692-7), entered into by the Parties, preliminarily approved by the Court on May 9, 2012 and approved as amended on June 28, 2012 (Docket Nos. 692, 704);

Due and adequate notice having been given to the Class and Subclasses; and

After review and consideration of the Stipulation, the Motion and supporting documents including the Declaration of the Claims Administrator (Ex. B to the Motion), all other pleadings filed with the Court; and having reviewed the entire record in the Litigation, conducted a hearing

on November 7, 2012; good cause appearing, the Court being fully advised in the premises, and after due deliberation,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court, for purposes of this Final Judgment Order (the "Order"), adopts the defined terms as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Plaintiffs, the Class, the Subclasses and Defendants.

3. The Court finds that the distribution of the Notice and Proof of Claim form, and publication of the Summary Notice, as set forth in the Order on Joint Motion to Approve Notices and Schedule Final Approval Hearing (Docket No. 703) constituted the best notice practicable under the circumstances to apprise all Persons within the Class and each respective Subclass of their rights regarding the proposed Settlement of the Litigation, and that these documents afforded Class Members with an opportunity to present their objections, if any, to the Settlement. The Court finds that the provision of notice to the Class Members fully met the requirements of FED. R. CIV. P. 23, the Due Process Clause of the U.S. Constitution, and all other applicable law.

4. After hearing on the Motion, and based upon the submissions of the Parties before and at the hearing and subsequent thereto, the Motion is granted. This Court approves the Settlement as set forth in the Stipulation, each of the releases contained in the Stipulation, and other terms as fair, reasonable, adequate and in the best interests of the Class and each of the Subclasses.

5. In addition, the Court specifically finds:

    a. The Settlement recovery is commensurate with the strength of the claims of the Class and the Subclasses.

b. Further litigation of the Class Members' claims would be complex, lengthy and expensive, and not certain to yield a positive result for the Class or the Subclasses.

c. There is no indication of any collusion between Class Counsel and Plaintiff acting as class representatives, on the one hand, and Defendants, on the other. This matter has been vigorously and ably litigated by both sides.

d. Class Counsel, experienced class action attorneys in this niche of the law, have expressed the view that the Settlement terms are fair.

e. The Class Members who received appropriate notice have supported the Settlement. No Class Members have objected to the Settlement.

f. The stage of proceedings is highly appropriate for a class settlement. The Parties have taken extensive discovery and litigated summary judgment issues, and thus have a good sense of the value of the case.

6. The Parties to the Stipulation are therefore directed to consummate and perform its terms. The Court hereby accordingly authorizes and directs the Defendants to make the following payments from the Settlement Fund in accordance with the timing set forth below:

| **Recipient** | **Amount** | **Timing of Payment** |
|---|---|---|
| A-1 Subclass Members | $500.00 per person, to 162 A-1 Subclass Members | January 7, 2013 |
| A-2 Subclass Members | $8,750 per person, to 178 to 180[1] A-2 Subclass Members | January 7, 2013 |
| A-3 Subclass Members | $15,000 per person, to 245 A-3 Subclass Members | January 7, 2013 |
| Named Plaintiffs[2] | $7,750 per person, to 11 Named Plaintiffs | January 7, 2013 |
| Deposed Class Members[3] | $948.71 per person, to 39 Deposed Class Members | January 7, 2013 |
| Class Counsel's Expert Witness | $14,000 | January 7, 2013 |

---

[1] *See* Joint Motion for Final Approval of Class Action Settlement, p. 8, fn. 2. Two claims remain to be resolved as of the date of the Final Approval Hearing. The Parties respectfully request that this Order follow and incorporate the direction of the Claims Administrator regarding these Claims.

[2] This amount will be provided to each of the Named Plaintiffs in addition to the amount each are to receive for membership in their respective Subclass.

[3] This amount will be provided to each of the Deposed Class members in addition to the amount each are to receive for membership in their respective Subclass.

3

7.  On April 6, 2012, the funds from any uncashed checks relating to the payments set forth in Paragraph 6 of this Final Judgment Order shall revert to the City of Chicago.

8.  In addition, the City is directed to make the following payments pursuant to the terms of the Stipulation, and in accordance with the timing set forth below:

| **Recipient** | **Amount** | **Timing of Payment** |
| --- | --- | --- |
| People's Law Office | $1,440,000 | January 7, 2013 |
| James R. Fennerty & Associates | $480,000 | January 7, 2013 |
| West Town Community Law Office | $480,000 | January 7, 2013 |
| People's Law Office | $1,440,000 | January 7, 2014 |
| James R. Fennerty & Associates | $480,000 | January 7, 2014 |
| West Town Community Law Office | $480,000 | January 7, 2014 |

9.  The Third Amended Complaint and all claims contained therein and in all prior complaints in this case are hereby dismissed with prejudice as to Plaintiffs and all Class Members, extinguishing all claims, rights, demands and causes of action which might have been asserted therein by (1) Plaintiffs on behalf of themselves, the Class, and each of the respective Subclasses, and (2) all Class Members and discharging Defendants therefrom. The Parties are to bear their own costs, except as provided in the Stipulation and herein.

10. By operation of the Order, and under the terms of the Stipulation and releases therein, it is intended to preclude, and shall preclude, Plaintiffs and all Class Members from filing or pursuing any Settled Claims under federal law or the law of any state against Defendants. Plaintiffs and the Class Members are deemed to have, and by operation of the Order shall have fully, finally, and forever released, relinquished and discharged all Settled Claims against each and all of the Released Parties, whether or not such member of the Class executed or timely delivered the Proof of Claim.

11. All Class Members are permanently barred and enjoined from instituting or prosecuting, in any capacity, any action or proceeding that involves or asserts any of the Settled Claims. Only those Class Members who have filed valid and timely Proofs of Claim shall be entitled to receive a distribution from the Settlement Fund. The Proof of Claim and Release executed by the Class Members shall further release all Settled Claims against the Released Parties. All Class Members shall be bound by the releases whether or not they submit a valid and timely Proof of Claim.

12. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of Defendants; or (ii) shall be offered in evidence by any Party for any purpose except as provided for in this paragraph. Notwithstanding the foregoing, the Parties expressly agree that this Stipulation and the related documents may be used by Class Members seeking to expunge or seal any arrest or other records relating to the 2003 Anti-War Protest. The Released Parties may also file the Stipulation and/or the Order in any other action that may be brought against them in order to support a defense based upon principals of *res judicata*, collateral estoppel, release, good faith settlement, accord and satisfaction, judgment bar, or any theory of claim preclusion or issue preclusion or similar defense. The Parties may file the Stipulation in any proceeding brought to enforce any of the terms or provisions of the Stipulation.

13. Only those Persons identified on Exhibit 1 hereto as having met the definition of the Class and validly and timely filing Requests for Exclusion shall not be bound by this Order.

14. No order, objection to or appeal from any order approving Class Counsel's Attorney's Fees shall in any way disturb or affect this Order and shall be considered separate from this Order.

15. Neither this Order, the Settlement or Stipulation, nor any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession on the part of Defendants or any other Person of any liability or wrongdoing by them, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, any member of the Class, or any other person, has suffered any damage, that Defendants' defenses lack merit, or that Plaintiffs and the Class could have recovered the Settlement Fund amount, or any amount, had this Litigation been tried; nor shall they be construed as, or deemed to be evidence of, an admission or concession by Plaintiffs or any members of the Class that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable in the Litigation would not have exceeded the Settlement Fund.

16. The Court finds that the amount paid and other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel, and is fair, reasonable and adequate and in the best interests of the Class and each of the Subclasses.

17. This matter is set for November/~~December~~ 27, 2012 at 9:30 am to address any Request for Hearing filed with the Court pursuant to the Stipulation on or before November

15, 2012. The Claims Administrator is directed to provide a copy of this Order to any Person who timely files a Request for Hearing.

18.  The Court finds that there is no just reason for delaying enforcement of this Order.

By the Court:

Dated: November 7, 2012

Judge Virginia Kendall

# Exhibit No. 1

# (List of Persons Excluded)

**Subclass A-1**
Hatem Abudeyyah

**Subclass A-2**
Andy Thayer
Timothy Tucker
Helen Walls

**Subclass A-3**
Vincenzo Cancasi
Vincent Forgione
St. John Marie Gauthier
Christopher Langone
Trina Zabarsky

1225479_3